612 P.2d 1059

**In the Matter of a Member of the State Bar of Arizona Paul Herbert BROADWELL, Respondent.**

**No. SB–192.**

Supreme Court of Arizona, In Banc.

May 27, 1980.

statements: (1) that the victim was lying on her back on top of defendant, who was on his

David L. White, Phoenix, State Bar Counsel.

Paul Herbert Broadwell, in pro. per.

PER CURIAM.

The Local Administrative Committee of the State Bar of Arizona for District No. 5R found that Respondent Paul Herbert Broadwell engaged in unprofessional and unethical conduct in violation of the Code of Professional Responsibility and of Rule 29(b), Rules of the Supreme Court, and Disciplinary Rules 1–102(A)(3), (4) and (6), 2–103(C), 5–104(A), 9–102(B)(3), and 9–102(B)(4), and recommended that he be disbarred.

The Administrative Committee found that in June of 1975, a Panama corporation, called Villanova International Corporation of Panama, was formed. Its original shareholders were Respondent and Henry Proll, but disagreements between Respondent and Proll resulted in Respondent acquiring Proll's interest. Respondent then issued himself 501,000 shares in Villanova International without consideration and thereafter solicited numerous persons, including clients

back; and (2) that defendant did not jerk his hand out of the victim's diaper.

in his law practice, to invest money in the corporation. Investors were asked to acquire an interest in the corporation by giving Respondent either a portion or all of the settlement funds obtained from personal injury suits filed on their behalf by Respondent. They were told by Respondent that the corporation was on the verge of making a huge amount of money with only paperwork to be completed. The corporation, however, never made any significant profits and never consummated any such business transactions.

Four of Respondent's clients gave him monies to invest in Villanova International as a result of their trust and confidence in him as their lawyer and his misrepresentations.

Jeffrey Moore, an unemployed client of Respondent who was confined to a wheelchair as the consequence of an accident, purchased 50,000 shares of Villanova International for $50,000. Among the misrepresentations made by Respondent to Moore was that Villanova International was consummating large purchases of oil from the mid-East at favorable prices and that all investors would, as a consequence, be rich within a few months. Moore also purchased an additional 150,000 shares for $150,000 on the representation by Respondent that the corporation was engaged in highly productive business ventures, including a loan to the Brazilian government, upon which Villanova International would obtain a substantial commission, and that Moore would never have to worry about money again.

Respondent settled a lawsuit brought for the personal injuries of K. William Nicholson for $175,000, of which, after deducting legal fees of $61,000, the balance was paid to Nicholson. Upon similar or substantially similar representation, $100,000 was at Respondent's solicitation taken and invested in the Villanova Corporation.

Respondent settled litigation on behalf of Christopher Ramirez and induced Ramirez to invest $60,000 in the Villanova International Corporation by the purchase of stock upon the misrepresentation that the Corporation's success was assured and the $60,000 investment was guaranteed.

In 1977 and 1978, twice Respondent induced Everett Gracy, another client, to purchase stock in the Villanova Corporation, in each instance $10,000 for 10,000 shares.

Respondent's client-investors in general were not provided with accountings or reports on the status of their investments and Villanova International's operations. When inquiries were made concerning it, investors were told by Respondent that the investments were secure and Villanova Corporation was completing business transactions which would result in large profits to them as shareholders.

The investment monies were often commingled with Respondent's personal bank accounts and records, as well as with the trust and other accounts maintained by Respondent's professional law corporation.

Respondent utilized the services of one Billy Walker to solicit business for his law practice, and paid Walker for such services.

Based on its findings, the Committee recommended that Respondent be disbarred.

Respondent filed no objections to the findings or the recommendation of disbarment.

We affirm the Local Administrative Committee's findings that Respondent has violated the Code of Professional Responsibility, specifically, disciplinary rules 1–102(A)(3), (4) and (6), 2–103(C), 5–104(A), 9–102(B)(3), and (4). Such violations of the Code of Professional Responsibility are grounds for disbarment pursuant to Rule 29(B)(1), Rules of the Supreme Court, 17A A.R.S. In addition, Respondent's use of and payment for the services of a non-lawyer to solicit business for his law practice are grounds for disbarment pursuant to Rule 29(b)(7).

Respondent is ordered disbarred and assessed costs in the amount of $1,465.69.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.